IVERSON *v.* STATE.

Opinion delivered June 19, 1911.

EVIDENCE—CONFESSION.—A voluntary confession, accompanied by proof that the offense was committed, is sufficient to sustain a conviction.

Appeal from Pulaski Circuit Court; *Robert J. Lea,* Judge; affirmed.

*Jones & Price, C. T. Lindsey* and *Nelson H. Nichols,* for appellant.

No conviction could be had upon the uncorroborated testimony of an accomplice. Kirby's Digest, § 2384; 73 Ark. 146; 47 *Id.* 172.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant Attorney General, for appellee.

The confession of a defendant, accompanied by proof that the offense was actually committed by some one, will warrant a conviction. 34 Ark. 649; 81 *Id.* 589; 32 *Id.* 727; 28 *Id.* 121; 22 *Id.* 326; 84 *Id.* 88; 66 *Id.* 506; 63 *Id.* 457.

KIRBY, ·J. Appellant was jointly indicted by the Pulaski County grand jury with Loyal Whitten, charged with burglary and grand larceny, and convicted of grand larceny, and appealed to this court.

, He contends that the court erred in admitting testimony relating to an alleged confession by him, same not being voluntarily made, and that the verdict is not supported by the testimony.

It was shown that the house of Chas. Bryson was broken into between 10 and 11:30 o'clock on the night of January 31 last, while the family were attending a watch party at the church. That a watch of the value of 20 dollars, a pistol worth $10 and between twenty and twenty-five dollars in money were taken therefrom. Bryson tracked Whitten through the snow to his hiding place, and held him till the officers came. The watch and pistol were recovered, and some of the money. The ivory handles had been taken off the pistol. Whitten confessed, and stated that appellant was with him and assisted in getting the stuff and secreting it, and that it was divided next day, and so testified. None of the stolen property was found in the possession of appellant, nor was he connected with the commission of the offense except by the testimony of Whitten and the statement of the officers of his confession to them. The defense was an alibi, and the testimony tended strongly to show that he was at the watch party from nine o'clock till it ended after twelve that night, the offense having been committed between 10 and 11. He stoutly protested his innocence, denied any knowledge of the crime and all connection with it and that he had made any confession to the officers; said they

charged him with it, told him that Whitten said he was with him, and read Whitten's statement over to him, that he denied it and that one of the officers struck him in the breast and told him to sign it; that he was afraid and wrote his name; that the officer never read to him any statement he made. The officers testified that he voluntarily confessed that he was with Whitten and got the property, after first denying it, without any threats made against or promises or inducement held out to him, and denied that either struck him and the one charged with having done so swore he did not think he touched him at all in any way, and that he did not strike him.

The court below found that the confession was voluntary, and committed no error in admitting the testimony relating to it.

The confession, not having been made in open court, did not warrant a conviction of appellant unless it was accompanied with other proof that the offense was committed; but the undisputed proof, without the testimony of the accomplice Whitten, shows the offense was committed, and the evidence is sufficient to sustain the verdict. Kirby's Digest, § 2385; *Melton* v. *State,* 43 Ark. 367.

The judgment is affirmed.