ELLIS *v.* STATE.

Opinion delivered June 21, 1920.

1. WITNESSES—CROSS-EXAMINATION.—It was not error, in a criminal case, to permit the State, in cross-examining the accused, to ask him whether he made certain statements before the examining court; such questions not being asked to show a confession without proving that it was free and voluntary, but merely to lay foundation for impeachment.

2. CRIMINAL LAW—ADMISSIBILITY OF CONFESSIONS.—Statements of the accused in the nature of confessions of guilt, made voluntarily in open court at the examining trial, are admissible.

3. CRIMINAL LAW—SUFFICIENCY OF VERDICT.—In a prosecution for receiving stolen goods, where the court properly charged the jury as to the offense and the form of their verdict, a verdict, "We, the jury, find the defendant guilty and leave the punishment to the court," *held* not defective.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Troy W. Lewis,* for appellant.

1. The alleged confession of appellant should not have been admitted in evidence. 1 Greeleaf on Ev., §§ 219, 219a; 50 Ark. 305. Here the confession was obtained by beating and whipping in a most cruel and unmerciful manner. Improper influences used to extort a confession are presumed to continue unless shown to have been re-

moved. 18 L. R. A. (N. S.) 832; 69 Ark. 599. There is no evidence that they were removed here.

2. The burden was on the State to show that the improper influences were removed at the time of the confession. 74 Ark. 397; 109 *Id*. 932; 69 *Id*. 599.

3. The court erred in giving instruction No. 6 as to the form of the verdict. 94 Ark. 548; 104 Mo. 365-644.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. Appellant denied that he made any confession to the officers who beat him. The burden is only on the State to prove by a preponderance of the evidence that the confession was voluntary and without undue influence. 125 Ark. 263. Here the confessions were in open court, and they were not made under duress. 99 Ark. 455. And there was other evidence to support the conviction. His confession was duly corroborated. 99 Ark. 455; Kirby's Dig., § 455.

2. The verdict was in proper form. 50 Ark. 506; 94 Ark. 548. But appellant did not object to the form of the verdict and can not now complain here for the first time.

WOOD, J. Appellant was indicted under section 1830 of Kirby's Digest, for the crime of receiving stolen goods knowing them to be stolen with intent to deprive the true owner thereof. He was convicted and appeals from a judgment sentencing him to eighteen months imprisonment in the State penitentiary.

There was testimony on behalf of the State tending to prove that in January, 1920, articles of clothing were stolen from several persons in Little Rock, Pulaski County, Arkansas, of the aggregate value of more than $300. Two boys confessed to stealing the property, and they told the police officers where the articles could be found. They were under a dwelling house at 315 Gaines Street, up near the front. Appellant, after he was arrested, also told the officers where they could find the stolen goods.

On cross-examination, one of the officers was asked if he knew whether or not appellant was whipped at police headquarters. He answered that he did not know anything about it. After this the question was repeated and objected to by the State. The court, at this juncture, sustained the objection, reserving a final ruling until appellant showed that he was subjected to a whipping for the purpose of extorting statements from him.

The boys who stole the property stated that they deposited the same at Nineteenth and Commerce. One of these stated that at appellant's request witness and one Davis "went out there and got out the stuff and carried it down to the house" where appellant resided; that appellant stated he would put it where it could not be found. The witness testified that the appellant knew that the articles were stolen. Witness stated that he so informed the appellant.

The testimony of the appellant was to the effect that he did not have any conversation with the parties who stole the goods. He was informed by one Davis after the parties were arrested that the goods were taken to appellant's house. Appellant looked for the things and could not find them. The officers arrested appellant and took him to the city hall where they asked him about the suit cases containing the articles. Appellant testified that the officers beat him up so he did not know what he was talking about. They whipped him "on his naked meat," broke the skin, and brought blood from him. One of the officers put his foot on his head and was holding him down on the floor. This officer hit appellant over the head three times with a black-jack. After beating him they gave him salve for his wounds. They injured his back, and he passed blood in his urine. They tried to make him confess that he stole the two grips.

At this juncture the appellant was asked the following question:

"Q. Did you confess it?"

"A. No."

Among other instructions the court gave the following: "If you find the defendant guilty, you will say, 'We, the jury, find the defendant guilty of receiving stolen property, as charged in the indictment,' and fix his punishment at a term of years in the penitentiary not less than one or no more than five years. If you find the defendant guilty and can not agree upon the punishment you will leave that to the court and in that event the court will fix the punishment."

The appellant duly excepted to the ruling of the court in giving this instruction. The jury returned a verdict as follows:

"We the jury find the defendant guilty and leave the punishment to the court." There was no objection by the appellant at the time the verdict was rendered, to the form of the verdict.

The appellant contends that the court erred in permitting the State to introduce the confession of appellant without first proving that the confession was free and voluntary.

The record does not bear out counsel for appellant in his contention that the State, over the objection of appellant, introduced a confession by appellant in order to establish his guilt. Although appellant testified that he was severely beaten by the officers for the purpose of making him confess, nevertheless he denied that he made any confession. The proof introduced on behalf of the State did not tend to prove any confession on the part of appellant. True, the prosecuting attorney propounded certain questions in his cross-examination of appellant concerning alleged statements made by appellant when a witness on the examining trial before the municipal court. The appellant answered these questions by saying that he did not know, or by categorically denying that he made the statements attributed to him.

It is manifest that the purpose of this examination was not to introduce any alleged statement of the appellant in order to show a confession, but for the purpose

of laying the foundation for the impeachment of appellant as a witness.

The record as abstracted by appellant's counsel does not show that the court permitted any testimony in the nature of a confession to go to the jury. Moreover, if any of the statements made by appellant on the examining trial were susceptible of being construed as in the nature of confessions of guilt, such statements were made in open court, and besides were entirely voluntary. See *Iverson* v. *State,* 99 Ark. 453. It was proved that the appellant was anxious to testify before the examining court.

There was no prejudicial error in the rulings of the court in admitting or excluding testimony.

The appellant did not object to the form of the verdict at the time same was rendered. Furthermore, the verdict was not fatally defective on account of its form. The court had fully and correctly instructed the jury as to the essentials of the crime of which appellant was accused, when the verdict is taken in connection with the instructions there can be no doubt that the jury intended to find appellant guilty of receiving stolen property knowing at the time he received it that same was stolen. The court had instructed the jury that, before they could find the defendant guilty, they "must find that at the time he received it he did so receive it with the knowledge that it was stolen and that he had the intent in so receiving it to deprive the true owner of the property. There was no error in the instruction as to the form of the verdict.

The indictment charged that appellant "did unlawfully and feloniously receive and have with the felonious intent to deprive the true owners thereof, he then and there well knowing that the property had been so feloniously stolen, etc." When the jury found the appellant guilty as charged in the indictment, they necessarily found that he received the goods knowing at the time that they were stolen.

There is no error. Affirmed.