Melton v. The State.

---

## MELTON v. THE STATE.

1. CRIMINAL EVIDENCE:  *Confession, when sufficient for conviction.*
   The confession of a prisoner accompanied with proof that the offence was actually committed by some one, will warrant his conviction.

2. SAME: *Accomplice: Corroboration.*
   A defendant can not be convicted of a crime upon the testimony of a partaker in the crime, whether his guilt be in the same degree or not, unless corroborated by evidence tending to connect the defendant with the commission of the offense; the corroboration is not sufficient if it merely prove the *corpus delicti* and the circumstances thereof, and one accomplice can not corroborate the testimony of another.

3. ACCOMPLICE: *Verdict of jury conclusive.*

When the question whether one was an accomplice in a crime is submitted to a jury as a mixed question of law and fact, under proper instructions from the court, their verdict is final.

4. EVIDENCE: *Of one offense to prove another.*

The general rule that upon a trial for a particular crime the State can not aid the proof against the prisoner by showing that he has committed another and destinct offense does not apply to cases where the evidence shows a series of connected wrongs growing out of and illustrating one another and culminating in homicide; but even in cases where the crimes have no apparent connection, evidence of a previous offense is competent where it discloses a motive for the act under prosecution.

APPEAL from *Clay* Circuit Court.

Hon. H. H. CATE, Circuit Judge.

*C. B. Moore*, Att'y Gen'l., for the State.

The evidence of the whipping of Hale was admissible to show malice.

The instructions were as favorable to defendant as the law would allow, and on the subject of *accomplices* were almost in the language of the Statute. *Gantt's Dig. Sec.* 1237.

A conspirator may repent and abandon the conspiracy before the crime is executed, and is not then chargeable as an accessory or conspirator, 3 *Greenl. Ev. Sec.* 40., and if not an accessory is clearly a competent witness.

SMITH, J. The appellant was charged with the murder of Franklin Hale, was found guilty of murder in the first degree and was sentenced to suffer the penalty of death.

The conviction was had mainly upon the testimony of one Lawrence. This witness swore that, in the Spring of 1881, when Hale was killed, the defendant, himself and several

others, whose names were mentioned, were members of a secret organization, called by themselves the Southern Brotherhood and by others Ku-Klux ; that this band was bound by oath to keep seceret the doings and works of their order ; that they had officers, of whom the defendant was the captain ; that the deceased had rendered himself obnoxious to the order by talking about them and that, at one of their regular monthly meetings, it was determined that he must be whipped ; that accordingly a party of masked men, among whom were the defendant and the witness, went to Hale's house at night, took him out and flogged him. Witness was present and saw the whipping administered, but did not actively participate in it. About a week after this, the society held a called meeting to take some further steps concerning Hale, as he continued to talk about them. Defendant, witness and others were present. After discussion it was resolved that Hale should be put to death. Witness says he opposed this resolution and never did assent to it. Defendant and one Rich volunteered to do the act. In the course of the following week defendant and Rich came to witness' house and after night picked up their guns and left, telling the wife of witness to set the clock back, as they were going to kill Hale, but returned after a while and stated that the night was too dark to accomplish their purpose. Some time after that Hale was killed and the defendant soon afterwards confessed to witness that he and Rich had done it, describing the guns they had used and saying that they took off their shoes and went through the corn-field in the rear of Hale's house in their socks and there shot him. Witness had kept the secret until about one year before the trial when he divulged it. His reason was that he was afraid of personal violence at the hands of the band. He had been examined as a witness before the Coroner's jury that held the inquest over Hale's dead body and also before a Grand Jury and had denied any knowledge of the authors of the crime.

Melton v. The State.

Charles McNabb, another member of the secret society, also testified. He attended the two meetings above mentioned and was present at the beating of Hale. He was also present at Lawrence's house when defendant and Rich set out on their expedition to kill Hale, but were prevented by the darkness of the night. He confirmed the account given by Lawrence as to what was said on that occasion about setting back the clock. This witness had never spoken to any one about these matters before the commencement of the trial.

By other witnesses who had no connection with the order, it was proved that Hale was shot about 11 or 11:30 A. M. The report of a gun was heard about that hour and about noon the defendant with his gun arrived at a certain house, distant two miles. Hale was mortally wounded, but lived until one of his neighbors, who had been sent for, came up. He did not know who it was that had shot him. The field near the house was examined and the tracks of two persons, apparently with socks on their feet, were discovered.

1. CRIMINAL EVIDENCE. Confession: When sufficient for conviction. The confession of defendant, accompanied with proof that the offense was actually committed by some one, warrants a conviction, provided Lawrence was not himself an accomplice. If he was a partaker in the crime for which Milton was indicted, whether his guilt was in the same degree or not, the accused could not be lawfully convicted upon Lawrence's uncorroborated evidence. And the corroboration must have tended to connect Milton with the commission of the offense. It would not be sufficient if it merely proved the *corpus delicti* and the circumstances thereof, Gantt's Dig. Sec's. 1932-3. Of corroborating testimony there is but little in the record. Of course Lawrence's story is but slightly strengthened by the fact that it accords with McNabb's story; for one ac-

2. ACCOMPLICE: Corroboration.

Melton v. The State.

complice cannot corroborate another within the meaning of the statute.

· But we incline to the opinion that Lawrence was not, in the eye of the law, an accomplice in the murder. The guilt of an accomplice must be legal guilt, not merely a participation reprehensible in morals. 1 *Bish. Cr. Pro.* *3d Ed. Sec.* 1159. No indictment could have been sustained against him for the murder of Hale. He was not present when the crime was committed, nor does it appear that he encouraged its perpetration. His sole connection with the affair, was membership in the same unlawful association, assisting at the castigation of Hale sometime before, and participation in a meeting at which Hale's death was resolved upon. But it seems he dissented from the conclusion which was reached and did nothing to further the execution of the plot. His subsequent concealment of the crime was the result of anxiety for his own safety and not of a design to shield the guilty parties. No doubt he was a participant in the flogging of Hale and equally guilty with those who inflicted the strokes. But Milton was not on trial for that offense.

At all events the question whether he was an accomplice in the murder was submitted to the jury, as a mixed question of law and fact, under appropriate instructions from the court. And their determination of it is final.

3. *Same:* Verdict of jury conclusive:

One of the exceptions reserved at the trial was on account of the admission of evidence relating to the previous assault and battery of Hale. The general rule is that on a trial for a particular crime, the State cannot aid the proofs against the prisoner by showing that he has committed another and distinct offense. The rule has no application to cases where the evidence shows a series of connected wrongs, growing out of and illustrating one another and culminating in homicide. But even

4. Evidence: Of a different offense.

in cases where the crimes have no apparent connection, evidence of the previous offense is competent where it discloses a motive for the act which is the subject of investigation. 1 *Bish. Cr. Pro. See.* 1120; 2 *Id. Sec.* 628; *Dunn v. State*, 2 *Ark.*, 229.

Here the evidence was admissible to show malice of the defendant and the state of his feelings towards the deceased. It is a characteristic of human nature to hate those whom we have injured.

The charge of the Court was as favorable to the defendant as the law authorized. No substantial error to his prejudice is preceived and the judgment is affirmed.