Gilbert v. Commonwealth.

---

CASE 113—INDICTMENT FOR HORSE STEALING—JUNE 17.

## Gilbert v. Commonwealth.

APPEAL FROM OWEN CIRCUIT COURT.

1. CRIMINAL LAW—INDICTMENT FOR HORSE STEALING—INSTRUCTIONS.—
   Upon the trial of an indictment for horse stealing it is error to instruct the jury to convict if the defendant received the horse knowing it to have been stolen.

2. SAME—MISCONDUCT OF THE COMMONWEALTH'S ATTORNEY.—It was misconduct of the Commonwealth's Attorney to state to the jury in his argument, (first), that when a defendant was brought to trial for horse stealing, he always had an affidavit as to what two or three mythical witnesses would state that nobody knew, although in this case James Renfrow and William Hedger were actual persons; (second), that he could if he had the witnesses prove by fifteen or twenty as good men as lived in the New Liberty precinct that William Keefe and George See were in the neighborhood until 11 o'clock that Saturday night and that he could prove a perfect alibi for William Keefe and George See; (third),

Gilbert v. Commonwealth.

that when J. L. Piner testified at the examining trial, this defendant found out that his story to S. D. Duvall, the sheriff, would not work and he changed it; (fourth), that he had here somewhere the minutes of the examining court and that the said minutes would show that J. L. Piner testified at the examining court to all that he testified to in this trial," when the fact was that J. L. Piner only testified before the grand jury; and this misconduct of the Commonwealth's Attorney was not cured by the court stating to the jury "you will consider only the proof before you."

3. EVIDENCE.—Defendants jointly indicted with the appellant and to whom a separate trial had been awarded, were competent witnesses against the appellant.

4. CRIMINAL LAW—INSTRUCTIONS AS TO ACCOMPLICES.—The court should have instructed the jury that appellant could not be convicted by the testimony of Keefe and See, since both of them were jointly indicted with him.

LINDSAY & BOTTS FOR THE APPELLANT.

1. The court erred in overruling the appellant's motion to set aside the indictment herein because section 120 of the Criminal Code was not complied with, in that the name of John Lonecker, a witness who was examined by the grand jury which found and returned the indictment herein, was not written at the foot of or on the indictment herein. Criminal Code, sec. 120; Sutton v. Com., 17 Ky. Law Rep., 186.

2. The court erred in overruling the demurrer of the appellant to the indictment herein for the following reasons, viz.:

(a) The indictment charges that this appellant with others, Wm. Keefe and George See did in Owen County "feloniously confederate, conspire and agree together to take, steal and carry away from the possession of Noah May, the owner, one bay horse about four years old, of the value of $50.00," but fails to charge that which was by the parties charged to be done was done in the county or circuit in which the indictment charges the conspiracy, or confederation, or agreement was done, or had, or made; that is to say, that the indictment while alleging the county and circuit in which the conspiracy was made does not allege the county or circuit in which any acts were done in pursuance to the conspiracy, confederation or agreement.

(b) The indictment does not lay the venue of the offense charged in the indictment.

(c) In view of the instruction given by the court to the jury in and upon the trial of the appellant the indictment is fatally defective in that it does not by the most remote inference at-

Gilbert v. Commonwealth.

tempt even to join with the offense as prescribed or denounced
by section 1195, Kentucky Statutes, the offense denounced or pre-
scribed by section 1199 of the Kentucky Statutes. Criminal
Code, sec. 124; Ky. Stats., secs. 1195, 1199.

3. The court erred in overruling the motion of appellant for a con-
tinuance of this case on account of the absence of the witnesses
James Renfrow, Wm. Hedger and Wm. Hearne, especially so
when the exceptions to the Commonwealth's Attorney's remarks
in regard to the affidavit to the jury as shown by the bill of ex-
ceptions are considered.

4. The court erred in overruling appellant's motion for a peremp-
tory instruction.

5. The court erred in permitting the witnesses Wm. Keefe and
George See, or either of them, to testify against this appellant,
each and both being charged and jointly indicted with this ap-
pellant. Crim. Code, secs. 223, 232, 234; Kidwell v. Com., 97
Ky., 538; Thompson v. Com., 16 Ky. Law Rep., 168.

6. The court not only erred in permitting witnesses Wm. Keefe and
George See to testify, but did commit a greater error by saying
to them and each of them in the presence and hearing of the
jury that they and each of them need not answer any question
which would criminate them or either of them.

7. The court erred in permitting the witnesses Wm. Keefe and George
See to answer, and the Commonwealth, by her attorney, to pro-
pound to them and each of them the questions and answers as
shown by the bill of exceptions.

8. The instructions Nos. 1, 2 and 3 given to the jury as the whole
law of the case are not in fact the whole law of the case, but
they contain very little of the law which should govern this
case and are not only misleading, but are in the very teeth of
the law. Ky. Stats., secs. 1195, 1199.

9. The statements of the attorney for the Commonwealth made to
the jury in his closing argument were without foundation in
fact, supported by no proof, were very hurtful to this appellant
and did much to prevent a fair and impartial trial.

10. The newly discovered evidence shown by the affidavit of Noah
May, the owner of the horse which was by the indictment alleged
to have been stolen is of itself sufficient to authorize a reversal
of this case. Massie v. Com., 16 Ky. Law Rep., 790.

11. The verdict and judgment both and each are not only not sup-
ported by, but are palpably against the evidence.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER
FOR APPELLEE.

Counsel discussed *seriatim* the propositions of law urged for
reversal and cited to the tenth point. Crim. Code, sec. 281.

Gilbert v. Commonwealth.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment of the Owen Circuit rendered upon a verdict against the appellant upon an indictment charging him and others with the offense of horse-stealing. Numerous grounds were filed in support of the motion for a new trial, and the same having been overruled, appellant asks a reversal on account of various errors of the trial court.

We deem it unnecessary to notice in detail the several reasons assigned for reversal.

Appellant complains of Instruction No. 1 given by the trial court. The instruction is not as clear as should have been. It is open to the construction that it authorized the jury to convict if appellant received the horse knowing it to have been stolen.

Appellant was not accused of this offense, and the jury was not authorized to find him guilty of the offense charged unless he stole the horse either by himself or in company with others, and the instruction should have so told the jury.

Appellant had moved for a continuance on account of the absence of several witnesses, which motion was overruled; but his affidavit was allowed to be read as the deposition of the witnesses.

It appears that during the argument of the Commonwealth's Attorney, in closing the case to the jury, the following occurred: He said to the jury: "When a defendant was brought to trial for horse-stealing they always had an affidavit as to what two or three mythical witnesses would state that nobody knew, [the defendant objected, and the Commonwealth's Attorney then added,] although in this case James Renfrow and William Hedges

Gilbert v. Commonwealth.

are actually persons." To all of which defendant at the time excepted and still excepts.

The Commonwealth's Attorney, in the same argument, stated to the jury as follows: "I could if I had thought it necessary prove by fifteen or twenty as good men as live in New Liberty precinct that Wm. Keefe and George See were in New Liberty until eleven o'clock that Saturday night, and could prove a perfect alibi for Wm. Keefe and Geo. See."

"The defendant objected, and the court said to the jury that you are to consider only the proof before you, to all of which the defendant at the time objected and excepted and still excepts."

The Commonwealth's Attorney, in the same argument, stated as follows: "That when J. L. Piner testified at the examining trial this defendant found out that his story to S. D. Duvall, the sheriff, would not work, he changed it."

"The defendant objected, and the court said: 'You will consider only the proof before you.' To all of which the defendant at the time objected and excepted and still excepts."

The Commonwealth's Attorney stated to the jury in the same argument as follows: "I have here somewhere the minutes of the examining court, and that the said minutes will show that J. L. Piner testified at the examining court to all that he testified to in this trial;" when the fact was, and is, that J. L. Piner only testified before the Grand Jury. The Commonwealth said: "Perhaps that is so, but I saw it somewhere in the record."

"The defendant objected, and the court said to the jury: 'You will consider the proof before you.' "

Under the evidence in this case and the circumstances

surrounding the trial, the remarks and statements of the attorney for the Commonwealth were almost certain to be very prejudicial to the appellant and ought not to have been made. The ruling of the court in respect thereto could not prevent the injury to the defendant naturally resulting from the statements complained of.

It is earnestly insisted for appellant that Keefe and See, who were jointly indicted with appellant, and to whom a separate trial had been awarded, were not competent witnesses against appellant. It is true that in Edgerton v. Commonwealth, 7 Bush, 143, this court held that a party jointly indicted with another could not be allowed to testify for the Commonwealth, but that decision was placed upon the ground that such person could not testify for the defendant. But that decision was rendered before the enactment of the law allowing the defendants in criminal cases to testify in their own behalf and in behalf of each other. The law now permits defendants in all cases to testify in behalf of themselves and for each other. It seems clear now that such defendants may testify for the Commonwealth if they are willing to do so. The testimony of Keefe and See was competent so far as it conduced to show the guilt of the appellant, but no further.

The court, however, should have instructed the jury that appellant could not be convicted alone upon the testimony of Keefe and See, both of them being charged with the same crime, and in law at that time should have been treated as accomplices.

For the reason indicated the judgment is reversed and cause remanded with directions to award appellant a new trial, and for proceedings consistent herewith.