NORRIS AND HAMLETT *v.* STATE.

Opinion delivered March 2, 1925.

1. CRIMINAL LAW—ACCESSORY.—Mere silence, in the absence of a duty to act, will not constitute one an accessory before or after the fact.

2. CRIMINAL LAW—CONCEALMENT OF CRIME.—Whether a State's witness who concealed his knowledge of defendants' commission

of crime of murder, while he was a member of the coroner's jury investigating it, was an accessory before or after the fact, so as to require corroboration of his testimony *held* for the jury on proper instruction, as it was his duty to use all proper means to ascertain the murderer's identity.

3.  CRIMINAL LAW—ACCOMPLICE.—An accessory before or after the fact is an accomplice, on whose uncorroborated testimony the accused cannot be convicted.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; reversed.

*Norwood & Alley,* for appellant.

*H. W. Applegate,* Attorney General, *John L. Carter* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J.  These are companion cases, each appellant having been indicted, tried, and convicted in the circuit court of Polk County for the crime of murder in the first degree, and, as a punishment for the crime, each was adjudged to serve a life term in the State Penitentiary.  Each prosecuted an appeal to this court, and the cases were abstracted and briefed separately, but one opinion will suffice in the two cases, as the convictions are for the same crime.  The two appellants and Emmett Norris, brother of Wood Norris, were charged with killing Smith Wilcox and his wife, Nannie Wilcox, on the night of April 30, 1924, at their home in said county.

On Thursday afternoon , May 1, 1924, Smith Wilcox and his wife were found dead in their home, it appearing from their surroundings that they had been brutally murdered by robbers.  The murder was perpetrated and robbery effected on Wednesday night.  Immediately after the discovery of the dead bodies, a coroner's jury was impaneled.  Lee Crawford, upon whose evidence the appellants were convicted, served as a member of the coroner's jury, but concealed the information he possessed relative to the commission of the crime by appellants, according to his subsequent testimony.  Appellant Ted Hamlett was suspected of having been implicated in the crime, and was arrested the following Sun-

day. He was interrogated by the prosecuting attorney, and released on Tuesday. On the day of his release, Emmett and Wood Norris were charged with the crime, and they, together with appellants, who had been rearrested, were held in custody, subsequently indicted, and convicted on the testimony of Lee Crawford. He testified, in substance, that he was making his home with Emmett Norris before and at the time of the murder; that, two or three weeks before the crime was committed, Wood and Emmett Norris discussed the robbing of Mrs. Nannie Wilcox, in the presence of appellant himself and Mrs. Norris, at her home, and that appellant expressed a willingness to help commit the crime; that Mrs. Norris remarked that it would be an easy job; that witness declined to assist, stating that he was not mean enough to undertake it; that, on Wednesday evening prior to the crime, Wood Norris came to the home of Emmett Norris, and asked Emmett if he was ready to go help get that money, and Emmett said that he would go; that witness was again invited to go, but declined on the ground that the old people had got their money honestly; that Wood Norris said that appellant was to meet them at Jim Hill lane on the way to the home of Wilcox; that witness went to bed between eight and nine o'clock, and slept soundly until he was called to breakfast the next morning; that, before witness was summoned on the jury, Wood Norris and appellant came to him, at the south-west corner of Wilcox's garden, before the coroner's inquest, and told him that they had killed the old folks to get their money; that they both cautioned him not to say anything about it; that the reason he did not reveal the information he had concerning the crime to the jury was that he was afraid of the boys; that he had as much protection when on the jury as he had when he later revealed the information.

The main contention of appellants for a reversal of the judgment is the refusal of the court to instruct the jury that one charged with a felony cannot be convicted on the uncorroborated testimony of an accomplice, and

that the corroboration is not sufficient which merely shows the commission of the offense and circumstances thereof. The argument is made by appellants that the evidence tends to show that Lee Crawford was an accessory both before and after the fact, and, this being the case, the court erred in holding as a matter of law that Lee Crawford was not an accomplice. On the other hand, learned attorneys for the State make the argument that the undisputed evidence reveals that all Lee Crawford did was to conceal the fact that a felony was about to be committed, and later to conceal the fact that appellants had committed the crime of murder, and that such concealment was not to shield appellants, but through anxiety for his own safety. It is true that mere silence in the absence of a duty to act will not constitute one an accessory before or after the fact. As a member of the coroner's jury, however, a duty rested upon Lee Crawford to use all proper means to ascertain who murdered Smith Wilcox and Nannie Wilcox. He claims to have known at that time who planned the robbery, and the physical conditions surrounding the dead bodies indicated that the murders resulted from an attempt to rob Smith and Nannie Wilcox. The failure to perform his duty as a juror shielded, for the time being, appellants from arrest and prosecution. The jury might have reasonably inferred from the statements that he withheld the information for the purpose of shielding his confederates, and not through fear for his own safety. The jury might also have reasonably inferred, from his failure to perform his duty as a juror, when considered in connection with the fact that he slept soundly with the full knowledge that the robbery was to be committed in the neighborhood, that he was also an accessory before the fact. Such an inference might have been drawn from his conduct and close association with appellants. Since such inferences might have been drawn from the testimony, the issue became one of mixed law and fact, and it was the duty of the court, under proper instruction, to submit the issue of whether Lee Crawford

was an accessory before or after the fact to the jury for determination. *Melton* v. *State,* 43 Ark. 367; *Edmonson* v. *State,* 51 Ark. 115; *Green* v. *State,* 51 Ark. 189. It is the law that an accessory before or after the fact to a felony is an accomplice. *Stevens* v. *State,* 111 Ark. 299; *Murphy* v. *State,* 130 Ark. 353.

Many other alleged assignments of error have been argued relating to the refusal of the court to continue the cause, the selection of the jury, and the admissibility of the testimony, which will not likely arise on a new trial of the cause, and for that reason it is unnecessary to discuss them.

All other instructions given by the court were sub-stantially correct, and fully covered the cases.

On account of the error indicated the judgments are reversed, and the causes are remanded for new trials.