JACKSON *v.* STATE.

Crim. 4018.

Opinion delivered March 8, 1937.

*William Ellis* and *Ted Goldman,* for appellant.

*Jack Holt,* Attorney General, and *Millard Alford,* Assistant, for appellee.

McHANEY, J.   Appellant, a negro, was jointly indicted for murder in the first degree with Dixie Lawson, a negro woman, for the killing of Bill Adcock, a white man, by shooting him with a pistol.   There was a severance, and, on trial of appellant, he was convicted of murder in the first degree and sentenced to death by electrocution.

For a reversal of the judgment and sentence against him, several errors are assigned and argued, one being that the court erred in permitting the sheriff to testify to certain statements made by Dixie Lawson in the presence of appellant, when she was present and was a witness in the case.   At the conclusion of her testimony, which was given after the sheriff had testified, the court instructed the jury to disregard the testimony of the sheriff, in so far as it related to the statements made by

Dixie Lawson. We deem it unnecessary to determine whether error was committed in this regard, or whether the instruction of the court removed the error, if any, because of the disposition we make of the case under another assignment.

Another argument for a reversal relates to the admissibility of a written, signed and acknowledged confession made by appellant. Before offering the confession in evidence, the prosecuting attorney asked the sheriff who obtained the confession, if it was made freely and voluntarily and he answered that it was. Counsel for appellant objected to its introduction on the ground that the statement of the witness, that it was a free and voluntary confession, was a mere conclusion of the witness. The court overruled the objection and the confession was admitted. On cross-examination, counsel for appellant interrogated the witness as follows:

"Q. Mr. Sewell, I believe you stated that this confession was free and voluntary? A. Yes, sir. Q. I ask you whether or not there was any force, threats or promises made toward or at this defendant to induce that confession? A. No. He didn't make any confession until Dixie Lawson told us about it, and then until it was in his presence, and then he made his confession."

This was all the evidence relating to the admissibility of the confession. We think no error was committed by permitting its introduction. But, if so, it was harmless, as appellant was a witness in his own behalf and freely admitted that he killed Bill Adcock by shooting him with a pistol and testified to a state of facts tending to exonerate him. He repudiated his confession only in part, giving a different version of the occasion of the fatal rencounter. The confession was no more damaging to him than his testimony given in open court, as only a different reason for the killing was given.

Another error assigned is that the court erred in refusing to instruct the jury at appellant's request relative to the testimony of an accomplice and the necessity for its corroboration, as provided in § 3181, Crawford & Moses' Digest, which provides: "A conviction cannot be had in any case of felony upon the testimony of an

accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice.'' In response to the request, the court replied to counsel: ''There is no evidence that she (referring to the witness, Dixie Lawson) is an accomplice, and the rule and instruction requested does not apply.'' To which an exception was saved and preserved in the motion for a new trial.

In this respect we think the court fell into error. It will be remembered that Dixie Lawson was jointly indicted with appellant for the same offense. While this court has never held, so far as our investigation discloses, that the mere fact that one is jointly indicted with the defendant makes him an accomplice, as a matter of law, we have held that such fact, coupled with evidence tending to show that such an one was connected with the commission of the offense, even though such evidence be meager and unsatisfactory, he is properly to be regarded as an accomplice. In *Redd* v. *State*, 63 Ark. 457, 40 S. W. 374, Mr. Chief Justice Bunn, speaking for the court, said: ''The question as to whether or not McKay was an accomplice was not submitted to the jury by the trial court, and is not raised expressly in the record, but was raised in argument before us on the question of sufficiency or want of evidence, and we do not feel at liberty to disregard it in a case of such serious consequences. It is the unquestioned rule that where that question in any case is submitted to the jury, its finding on the subject is final, unless the testimony shows conclusively that the witness was an accomplice. The question moreover is one of mixed law and fact. *Edmonson* v. *State*, 51 Ark. 115, 10 S. W. 21; *Melton* v. *State*, 43 Ark. 367.

''The question not having been submitted to the jury, and in view of the fact that witness was jointly indicted for this offense with the two defendants on trial, that the indictment against him is still undisposed of

in any way, and the extraneous evidence adduced on the trial tending to connect the witness with the commission of the crime of murdering Skipper, although somewhat meagre, and not at all satisfactory, as may be admitted, we, or at least a majority of us, are of opinion that the witness McKay is to be regarded as an accomplice, and his testimony is admissible under the rules governing that of an accomplice.''

Corpus Juris, vol. 16, page 675, states the rule as follows: ''While it has been held that a person indicted jointly with the defendant on trial should be regarded as an accomplice within the rules of evidence, the better view is that such person is not to be regarded as an accomplice merely because of the fact that he has been indicted, especially where the indictment has been dismissed as against him, but there must be evidence tending to show that he was connected with the commission of the offense. Where there is such evidence the person properly is regarded as an accomplice, even though the evidence is meager and unsatisfactory.''

To support the statement of the above text that one indicted jointly with defendant should be regarded as an accomplice, a Kentucky case is cited, *Gilbert* v. *Com.*, 106 Ky. 919, 51 S. W. 804, and our own case of *Redd* v. *State, supra,* is cited to support the joint indictment and meager evidence rule. We find it unnecessary to determine whether the Kentucky rule is correct, for in this case, the witness, Dixie Lawson, was not only jointly indicted with appellant, but there was evidence tending to connect her with the commission of the crime. A woman's tracks were found at the site of the killing, and after her arrest, her shoe was applied to the track and was found to fit it, so that Mr. Greer testified they were her tracks. She admitted that she witnessed the shooting, but denied her immediate presence or connection therewith in any manner. The indictment against her remained undisposed of at the time of appellant's trial. She first denied any knowledge of the killing, but later admitted it. Whether she was an accessory, either before or after the fact, or both, for a time, at least, she concealed the crime and protected the criminal. If she

were an accessory, either before or after the fact, she was in law an accomplice. *Murphy* v. *State,* 130 Ark. 353, 197 S. W. 585; *Norris and Hamlett* v. *State,* 168 Ark. 151, 269 S. W. 46. In any view of the situation, appellant was entitled to have the question as to whether she was an accomplice submitted to the jury, as it was one of mixed law and fact, *Redd* v. *State, supra,* unless the testimony or subsequent events show conclusively she was an accomplice. In either event, appellant was entitled to an instruction embodying § 3181 of Crawford & Moses' Digest.

The judgment, for this reason, will be reversed, and the cause will be remanded for a new trial. It is so ordered.