## JOSEPH v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Dan Martin, Hindman, O. J. Cockrell, Jackson, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Clyde Joseph, shot and killed his uncle, Hager Joseph, on the afternoon of Sunday, July 26, 1952. He was convicted of voluntary manslaughter and sentenced to five years imprisonment.

The parties and their families lived as neighbors on Half Mountain Creek in Magoffin County where the deceased ran a store in his home. It appears that all had been friendly until that day. The deceased and other men had visited a moonshine still during the day and had imbibed quite freely of moonshine beer and doubtless some of the finished liquor. They took away with them some products of the still in a lard can and bucket. They met up with another group of men which included the defendant, Clyde Joseph. There is testimony that Clyde used some force to take the bucket of beer away from his uncle and his party. The evidence as to the events is in hopeless conflict.

The Commonwealth proved that as Clyde and his party later passed the uncle's store, he blew his automobile horn and fired a shotgun at the house and that the uncle came out shooting. The defense's evidence is that the occurrence was just the reverse. The defendant went on up the hollow to Dan Joseph's house. The deceased and his son, Homer, came along and according to Homer they were fired upon as they approached, the shots striking their truck, and he returned the fire with his rifle. Going a little farther, they found the road blocked with Clyde's car, so they could not pass and had to stop. Two shots were fired at them from an upstairs window and both men were wounded. The father soon died. It was after they were shot that Homer fired in the direction of the house. There is corroborative testimony.

On the contrary, the defendant, Clyde Joseph, testified that the deceased and his

son, Homer, fired 15 or 20 shots in his direction at the house and he returned the fire in order to save his own life. He has some corroboration.

■ This general outline is filled in with many details which tend to support both sides of the conflicting evidence as to who was the aggressor. The case was clearly one for the jury.

After the argument, the court gave an additional instruction submitting the right of the accused to defend himself or his uncle, Daniel Joseph (at whose house the shooting occurred), against either the deceased, Hager Joseph, or his son, Homer Joseph. The court told the attorneys for both sides they could have additional time and opportunity to reargue the case, but neither expressed a desire to do so.

■■ The appellant argues that giving the instruction so belatedly had a "bad effect" on the jury, and that the instruction was not sufficient as it did not include his right to defend four other men who were present at the time. It was proper for the court to give the instruction after the argument, the attorneys being given the privilege of rearguing the points covered by it. Stanley's Instructions to Juries, Sec. 10. There was no evidence authorizing an instruction on the right to defend the other parties.

The court had sustained the defendant's objection to testimony of the undertaker offered in rebuttal. The appellant contends that counsel employed to assist the prosecution improperly and prejudicially argued the rejected evidence. The argument to which objection is made is thus broadly stated in the bill of exceptions:

"If the undertaker had been permitted to testify when he had been called to the stand as a witness, it could have been explained to the jury whether there had been any pistol shots in the shot gun which was found in deceased's truck after the shooting."

■ We may well infer that this was made in response to some argument by the defendant's attorney. In any event, it is different from that condemned in Gilbert v. Commonwealth, 106 Ky. 919, 51 S.W. 804, which referred to certain things the prosecuting officer stated he could have proved if he had thought it necessary and to testimony which had been given on the examining trial. That was going entirely out of the record. Here the reference was very general and related to something undisclosed because of the defendant's objection as to the time of its introduction. Even if it be regarded as improper, by no means can it be regarded as prejudicial.

The judgment is affirmed.