Michael BURNS *v.* STATE of Arkansas

CR 95-546                                      913 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered January 29, 1996

*Janet L. Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On February 3, 1993, appellant Michael Burns entered his workplace possessing firearms, and commenced firing them. As a result, he killed one and wounded eight co-workers. After the state charged Burns with capital murder, seven counts of attempted murder and three counts of aggravated assault, Burns raised the defense of mental disease or defect, and requested a psychiatric examination. Upon receipt of the Arkansas State Hospital's report, reflecting Burns lacked the capacity to conform his behavior to the law at the time of the shootings, he filed a pretrial motion for acquittal. After a hearing, the trial court denied Burns's motion. At trial, the only issue in dispute was whether Burns was legally responsible at the time of the shooting spree. The jury found Burns guilty of all charges, and sentenced him to life imprisonment without parole.

Burns's arguments basically are two. First, Burns contends that, because the state hospital found him insane at the time he committed the crimes, the trial court should have granted his motion for acquittal prior to trial. He urges that, since the state failed to put forth any medical evidence to rebut the state hospital's findings, the trial court erred in allowing his case to go to trial on the merits. We disagree.

In *Davasher* v. *State*, 308 Ark. 154, 823 S.W.2d 863 (1992), Davasher filed a motion for acquittal on the basis of mental disease or defect. Davasher had introduced uncontroverted medical evidence that he was a paranoid schizophrenic. This court held that, although the testimony regarding Davasher's mental illness was not rebutted by other medical testimony, there was no requirement that the trial court enter a judgment of acquittal. *Id.* at 169.

Under Ark. Code Ann. § 5-2-313 (1987), a trial court may, if it is satisfied that the defendant is suffering from mental disease or defect, enter a judgment of acquittal. In *Westbrook* v. *State*, 274 Ark. 309, 624 S.W.2d 433 (1981), this court stated that § 5-2-313 permits the trial judge to acquit the defendant "in cases of extreme mental disease or defect where the lack of responsibility on the part of the defendant is *clear*." (Emphasis

added.)[1]

In the present case, the state hospital's expert witnesses offered opinions concerning Burns's mental status that were far from being clear. For example, Dr. John R. Anderson testified that, while a person, like Burns, who suffers from delusional paranoid disorders is very difficult to treat, he may have periods of remission. Anderson discussed various factors that weighed in favor of Burns's sanity and reflected his understanding of the ultimate wrongfulness in killing someone. He opined that Burns's sanity was a jury question. In addition, Dr. O. Wendall Hall testified, stating that, although his opinion was that Burns lacked capacity to conform his conduct to requirements of law at the time of the crimes, "it was a fairly close call — a little over 50% that he probably was not responsible." Hall added Burns's case is not "black and white." In hearing the testimony of these experts, the trial court concluded Burns's case is neither one of extreme mental disease or defect, nor one where the lack of responsibility on the part of Burns is clear. We hold that the trial court's ruling denying Burns's motion to acquit was clearly within its authority and discretion. *Davasher*, 308 Ark. at 169, 823 S.W.2d at 872.

At this point, we mention that, at trial, Burns duly moved for directed verdict, contending the state failed to show Burns possessed the requisite intent and motive to commit the crimes with which he was charged. The question on appeal is whether there is substantial evidence to support the verdict. *Id.*

Doctors Anderson and Hall essentially repeated their testimony given at the pretrial hearing. In addition, the state offered other evidence showing Burns did not exhibit any conduct which indicated to his co-workers that he was not able to control his behavior on the day of the shootings. For example, David Washam testified he had seen Burns earlier in the morning when Burns was running a press "just like normal," and Washam noticed nothing unusual about Burns. Don Jensen testified he was working next to Burns on the morning of the shooting, and Burns was running a machine. James French, who

---

[1] Ark. Stat. Ann. § 41-609 (Repl. 1977) mentioned in *Westbrook* is the predecessor statute of § 5-2-313.

worked at a press machine next to Burns from 6:00 a.m. to 11:30 a.m., failed to notice any difference in Burns that day. Luther McDuffie saw Burns that morning, and testified Burns was the "same old Mike." Aaron Hicks testified Burns was no different on the morning of the shooting from any other day. Finally, James Herndon, Burns's supervisor for approximately twenty years, testified he had daily contact with Burns, and there was nothing unusual about Burns on the day of the shooting. Herndon described Burns as a top-notch, cooperative employee for the last sixteen years.

While medical evidence on the issue of insanity is highly persuasive, a jury is not bound to accept opinion testimony of experts as conclusive, and it is not compelled to believe their testimony any more than the testimony of other witnesses. *Bowen* v. *State*, 322 Ark. 483, 911 S.W.2d 555 (1995). Further, it is for the jury to decide whether a defendant has sustained the burden of proving insanity by a preponderance of the evidence. *Phillips* v. *State*, 314 Ark. 531, 863 S.W.2d 309 (1993). The jury is the sole judge of the credibility of the witnesses, including experts, and has the duty to resolve conflicting testimony regarding mental competence. *Id.* Based on the testimony above, we conclude sufficient evidence existed for the jury to find that Burns was sane and legally responsible when he committed the crimes.

Burns's second primary argument arises from the trial court's denial of his pretrial motion to voir dire the jurors regarding their knowledge of what would happen to Burns if a verdict of not guilty by reason of mental disease or defect was rendered. He asked the trial court to allow him to introduce evidence concerning what would happen and proffered an instruction Burns asked be given to the jury at the end of the trial.

This court has repeatedly held that the jury is not to be told options available to the trial court when a defendant is found not guilty by reason of mental disease or defect because such an instruction raises questions foreign to the jury's primary duty of determining guilt or innocence. *Williams* v. *State*, 320 Ark. 67, 894 S.W.2d 923 (1995); *Hubbard* v. *State*, 306 Ark. 153, 812 S.W.2d 114 (1991); *Robertson* v. *State*, 304 Ark. 332, 802 S.W.2d 920 (1991); *Love* v. *State*, 281 Ark. 379, 664

S.W.2d 457 (1981); *Curry* v. *State*, 271 Ark. 913, 611 S.W.2d 745 (1981); *Campbell* v. *State*. 216 Ark. 878, 228 S.W.2d 470 (1950). In *Williams* we were asked for the same relief Burns requests here, and stated that, to grant such a request would permit or encourage the jury to base its verdict on speculation regarding the defendant's subsequent disposition rather than on the law and evidence as to his mental responsibility at the time of the crimes. The *Williams* court concluded that, for twenty-five years, this court has adhered to this sound reasoning, and declined Williams's suggestion to repudiate it. We find nothing in Burns's argument here to compel us to depart from our decision in *Williams*.

Because we find no error, we affirm.

Pursuant to Ark. Sup. Ct. R. 4-3(h), the state has reviewed the record in its entirety and has found no other rulings adverse to Burns that involve prejudicial error.