Adam TATE *v.* STATE of Arkansas

CA CR 03-193                                    137 S.W.3d 404

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered December 10, 2003

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This case arises from the criminal conviction of appellant, Adam Tate, for manufacturing a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia with intent to manufacture, and possession of drug paraphernalia. Appellant received a twelve-year prison term. On appeal, appellant argues that

there was insufficient evidence to support his convictions and that the trial court erred in denying his motion to suppress. We reverse and dismiss based on appellant's first assignment of error.

Appellant and his co-defendants, Kerri Harris and Stacy Jester, were arrested after a nighttime search warrant had been executed at the home of Kerri Harris. At the time of the search, 3 a.m., appellant was awake in a bedroom with Stacy Jester. Kerri Harris was in the front yard at that time. The search of the bedroom where appellant was found yielded a propane torch, another torch, a torch head, a propane tank, a Pyrex glass, coffee filters with methamphetamine residue, a blister pack of pseudoephedrine, a bag with red phosphorus, an electric burner, and "meth oil." In addition, the same bedroom contained a box of new syringes, four spoons, a glass pipe, and four corners of baggies with powder methamphetamine residue. There were also several plastic baggies, $384 in small bills, and some digital scales. Most of these items were around or on the dresser, but others were scattered in the bedroom. The room also had a chemical odor consistent with the smell of meth labs.

Prior to the trial, appellant moved to suppress the contraband seized in the search on the basis that there was a lack of probable cause for the issuance of a nighttime search warrant. The trial court denied the motion. However, at the outset of the case, the trial court determined that Kerri Harris and Stacy Jester were accomplices as a matter of law.

Harris testified that she had seen methamphetamine being manufactured in her residence and that she received methamphetamine from appellant in exchange for rent. She also stated that all of the items found in the bedroom belonged to appellant and Jester.

Jester testified that none of the items found in the bedroom were hers and that the items belonged to appellant. She stated that appellant had delivered methamphetamine to her and Harris that night.

Both women testified that Harris leased the duplex residential unit. According to their testimony, appellant and Jester were romantically involved and had been living together in that duplex for two months prior to the search.

Appellant moved for a directed verdict at the end of the State's evidence and based his motion on a lack of corroboration of accomplice testimony linking him to the residence and the contraband seized. He renewed the motion at the end of all the evidence. The trial court denied both motions.

### Substantial Evidence

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Peterson v. State*, 83 Ark. App. 226, 100 S.W.3d 66 (2003). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* When the defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Id.* The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Burns v. State*, 323 Ark. 206, 913 S.W.2d 789 (1996).

It is well established that testimony of accomplices must be corroborated, but evidence corroborating accomplice testimony need not be sufficient standing alone to sustain the conviction. *Miles v. State*, 76 Ark. App. 255, 64 S.W.3d 759 (2001). However, it must tend to connect the defendant to a substantial degree with the commission of the crime independent of the accomplice's testimony. *Id.*; Ark. Code Ann. § 16-89-111(e)(1). The corroborating evidence may be circumstantial so long as it is substantial. *Id.* Evidence merely raising a suspicion of guilt is insufficient. *Id.* Proof that merely places the defendant near the scene of a crime is not sufficient to corroborate the accomplice's testimony. *Id.* In the *Miles* case, we specifically held evidence — that the defendant was walking out of a bedroom used as a meth lab — to be insufficient corroboration of the accomplice's testimony to support the conviction because there was no evidence other than the accomplice's testimony to show that the defendant exercised care, control, or management over the items in the accomplice's home. *Id.*

We based our reasoning on the law of constructive possession. To establish constructive possession, the State must prove that (1) the accused exercised care, control, and manage-

ment over the contraband, and that (2) the accused knew that the matter possessed was in fact contraband. *Id.*

In the present case, we first must determine whether Harris and Jester are, in fact, accomplices with appellant. Whether or not the trial court actually ruled Harris and Jester to be accomplices with appellant, Arkansas law has long recognized that one who is jointly indicted with others, if evidence shows a connection with the commission of the crime, even though such evidence be meager and unsatisfactory, is to be regarded an accomplice for corroboration purposes. *Jackson v. State*, 193 Ark. 776, 102 S.W.2d 546 (1937). Appellant, Harris, and Jester were indicted as co-defendants. Thus, they are accomplices, and Harris's and Jester's testimony requires corroboration.

Next we must determine whether evidence independent from the accomplices' testimony tends to support appellant's convictions. Our decision in *Miles v. State, supra,* is illustrative. In that case, we held that there was an insufficient nexus between the contraband found in a bedroom and the accused who was seen walking out of that bedroom. In our case, the officers found appellant inside the bedroom containing the contraband. Given that mere joint occupancy does not by itself establish constructive possession—which is needed to connect appellant with the contraband—the State would have had to prove that appellant exercised care, control, and management over the contraband in question and that appellant knew that the matter possessed was contraband. While the State makes a strong argument that appellant should have known that the items found in that bedroom, in their entirety, constituted a meth lab, methamphetamine, and various paraphernalia used to consume and distribute methamphetamine, the record is silent on the State's proof that appellant exercised care, control, and management over those items. The test for determining the sufficiency of the corroborating evidence is whether, if the accomplice testimony were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *See Martin v. State*, 346 Ark. 198, 575 S.W.3d 136 (2001); *see also Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002).

Appellant was found in a bedroom within a residence that was not his. As the State points out, the contraband was "scattered" over the entire room—a room that did not belong to

appellant. He was in that room together with Jester, a woman who must be deemed an accomplice with appellant and Harris. The State points to no facts that would indicate appellant's care, control, and management of the room or the contraband. There was no proof independent of the accomplice testimony that established appellant's residence at Harris's duplex. Police did not find any of appellant's personal effects, such as mail or clothing, at the Harris residence. They did not take fingerprints to establish that appellant exercised care, custody, or control over any of the contraband. The State merely points out that appellant was present. Thus, the only evidence connecting appellant with the contraband was the accomplices' testimony.

█ Because there is a lack of independent evidence connecting appellant with the crime, we hold that under our case law, this is insufficient evidence to establish constructive possession. With constructive possession not proved, the State failed to establish a sufficient connection with the contraband in question that would tend to corroborate the accomplices' testimony. We reverse and dismiss on this point. In light of our disposition of appellant's first point of error, we do not need to reach his remaining point.

Reversed and dismissed.

GLADWIN, NEAL, and BAKER, JJ., agree.

STROUD, C.J., and CRABTREE, J., dissent.

TERRY CRABTREE, Judge, dissenting. The appellant's convictions are being reversed and dismissed based on a determination that the testimony of the accomplices was not adequately corroborated. Applying the law to the facts of this case, it is my conclusion that the corroborating evidence was not deficient. Therefore, I respectfully dissent.

At 3:00 a.m. on the morning of December 11, 2001, a Tuesday, narcotics officers of the Little Rock Police Department executed a warrant for the search of a two-bedroom duplex at 205 Oak Lane # B. When the officers arrived, Kerri Harris, the lessee of the premises, was outside the duplex. Appellant and a woman named Stacy Jester were found in the front bedroom. Testimony from the officers revealed that a surveillance camera was mounted

on the front of the residence. Contraband associated with the manufacture and ingestion of methamphetamine was also discovered.

In the front bedroom where appellant and Ms. Jester were located, officers found a clear glass vase on top of the dresser that contained a bi-layer solution that proved to be methamphetamine oil. Four spoons with residue were also found on top of the dresser, as was a glass smoking pipe. Three hundred eighty-four dollars in small bills was sitting on top of the dresser as well. A Pyrex plate with methamphetamine residue, and a clear, plastic baggie containing 3.785 grams of red phosphorous were found on the floor beside the dresser. Also in that area of the floor, the officers found coffee filters, corners of plastic baggies, and small baggies, all of which visibly contained methamphetamine residue. A new electric burner was found in a box on the floor. There was also a box of syringes, an unopened blister pack of pseudoephedrine pills, two propane torches, plastic baggies, and a set of digital scales. These items were scattered on top of and within a pile of clothing. Officers testified that they detected the distinct odor associated with the manufacture of methamphetamine in this bedroom.

In the kitchen, officers found a box of Sudafed, hydrogen peroxide, salt, more coffee filters, measuring cups, different sizes of glassware, and a hookah pipe used for smoking marijuana. In the trash by the street, they discovered twenty-eight empty blister packs of pseudoephedrine which held twenty-four pills to each pack, syringes, a spoon with residue, and a device described as an HCL generator. In a trash bag under the deck to the rear of the duplex, the officers found matchbook covers with the striker plates removed, two empty boxes of pseudoephedrine tablets, and coffee filters with residue on them. A black tote bag was found in the trunk of a vehicle that belonged to Stacy Jester. The bag contained a one-gallon can of camp fuel, a quart bottle of drain opener, coffee filters, a box of salt, tubing, and four pseudoephedrine tablets. A glass jar containing a bi-layer liquid and more coffee filters with residue were located in the trunk.

Kerri Harris and Stacy Jester were charged along with the appellant, and the trial court declared them both to be accomplices as a matter of law. Harris testified that she had been living in the duplex for two years and that appellant and Jester had moved in with her two months prior to the search. She stated that appellant and Ms. Jester stayed in the front bedroom, while she slept in the

master bedroom that connected with a bathroom. Harris said that appellant paid rent and half of the utility bills in either cash or methamphetamine and that appellant had installed the surveillance camera that was connected to a television in the living room. She testified that she had seen methamphetamine being manufactured in the home. She said that she had sold methamphetamine that night, but she denied that she had ever manufactured it. She testified that nothing in appellant's bedroom belonged to her and that she had known appellant to drive Ms. Jester's vehicle.

Jester testified that appellant had been her boyfriend, that they had been living with Harris for several months, and that they had shared the front bedroom. She said that appellant routinely used her vehicle and that he had used the vehicle that night to drive to Wal-Mart. She denied that she owned the black tote bag found in the trunk, and she said that the items found in their bedroom belonged to the appellant.

Arkansas Code Annotated section 16-89-111(e)(1) (1987) provides that a person cannot be convicted of a felony based upon the testimony of an accomplice, unless that testimony is "corroborated by other evidence tending to connect the defendant with the commission of the offense." In *Martin v. State*, 346 Ark. 198, 57 S.W.3d 136 (2001), the supreme court set out the standards governing the corroboration requirement:

> Corroboration is not sufficient if it merely establishes that the offense was committed and the circumstances thereof. It must be evidence of a substantive nature since it must be directed toward proving the connection of the accused with the crime and not directed toward corroborating the accomplice's testimony. The test for determining the sufficiency of the corroborating evidence is whether, if the testimony of the accomplice were totally eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission.

> Circumstantial evidence may be used to support accomplice testimony, but it, too, must be substantial. Corroborating evidence need not, however, be so substantial in and of itself to sustain a conviction. Where circumstantial evidence is used to support accomplice testimony, all facts of evidence can be considered to constitute a chain sufficient to present a question for resolution by the jury as to

> the adequacy of the corroboration, and the court will not look to see whether every other reasonable hypothesis but that of guilt has been excluded.

*Id* at 202-03, 57 S.W.3d at 139-40 (citations omitted).

Under these standards, the State is not required to offer proof that corroborates the details of an accomplice's testimony. For purposes of corroboration, it is only necessary for the State to present substantive evidence that "tends to connect" the defendant with the commission of the crime. Since the evidence need only "tend to connect," I question the majority's statement that it was absolutely necessary for the State to prove that the appellant "exercised care, control and management" of the contraband in order to satisfy the requirement of corroboration. The testimony of the accomplices provided substantial evidence of appellant's constructive possession. In order to corroborate the accomplices's testimony, however, the State was only required to offer evidence that tended to connect the defendant with the commission of the crime. Nonetheless, as a practical matter, the constructive possession analysis is useful in this context because in both instances the standards of proof are directed toward linking the defendant with the crime. Even so, the proof required to corroborate an accomplice's testimony need not rise to the level of substantial evidence in order to be considered sufficient.

It is said that constructive possession can be inferred when the controlled substance is in the joint control of the accused and another. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). However, joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* Those additional factors include the proximity of the contraband to the accused; the fact that it is in plain view; and the ownership of the property where the contraband is found. *Nichols v. State*, 306 Ark. 417, 815 S.W.2d 382 (1991).

In this case, the residence itself was equipped with a surveillance camera. Appellant was located in a private area of the residence where a host of contraband was discovered. Thus, appellant was not merely caught near the scene of criminal activity — he was standing right in the thick of it. He was also there in the wee hours of the morning, a rather atypical hour for casual visitation, particularly on a week-night. The items of contraband

found throughout this bedroom were lying about in plain view, and the room stank of the odor of methamphetamine production. In my view, the evidence taken as a whole is substantive in nature and does indeed tend to connect the appellant with the commission of the offenses.

In reaching its decision, the majority emphasizes that the residence was not appellant's. However, the absence of direct proof that he lived there is not determinative of the question before us. The issue here is the sufficiency of corroborating evidence; it is not whether there is substantial evidence to support a finding of constructive possession. In deciding whether there is sufficient evidence of corroboration, we do not look to see whether every other reasonable hypothesis of guilt has been excluded. The evidence in this case is that appellant was in a private room of a residence where he was virtually surrounded by numerous items of contraband that were in plain view. This very room also smelled of methamphetamine production. That there was no positive proof of appellant's residency does not negate the tendency of this evidence to connect the appellant to the offenses.

Also, our decision in *Miles v. State*, 76 Ark. App. 255, 64 S.W.3d 759 (2001), does not compel the reversal of this case. There, the appellant was simply walking with another man out of a room where contraband was found in a residence that belonged to yet another person. The opinion does not indicate whether the contraband was found in plain view in the bedroom, or whether it was tucked away in a drawer or closet. The bedroom in that case was also not singled out as the source of the odor of methamphetamine production. Unlike the circumstances here, there was not a shred of evidence linking the appellant with the commission of the offense. *Miles* is thus readily distinguishable.

Because there is ample evidence of corroboration, I dissent.

I am authorized to state that Chief Judge John F. Stroud joins in this opinion.