## STATE *v.* JONES.

### Opinion delivered June 7, 1909.

1. ACCESSORIES—LIABILITY.—Under Kirby's Digest, § 1562, defining an accessory after the fact as "a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime," one who, with full knowledge that a felony has been committed, harbors and protects the felon, is guilty as accessory after the fact, regardless of whether an indictment or other judicial proceedings are pending against the principal for his apprehension or punishment or not. (Page 7.)

2. STATUTES—CONSTRUCTION.—When the Legislature uses words which have received a judicial interpretation, or which have a fixed and well-known signification, they are presumed to have been used in that sense, unless the contrary intention clearly appears. (Page 8.)

3. SAME—LEGISLATIVE INTENTION.—The language of a statute should be fairly and rationally interpreted so as to carry out the legislative intention; and if it is susceptible of two constructions, one of which will lead to an absurdity and the other not, the latter will be adopted. (Page 8.)

4. SAME—CONSTRUCTION OF CRIMINAL STATUTE.—In construing a statute defining a crime, it is proper to consider what were the elements of

the crime at common law and whether there was any intention on the part of the Legislature to change such elements. (Page 8.)

5. ACCESSORIES—DEFINITION.—An accessory after the fact at common law is one who, knowing a felony to have been committed by another, shelters, receives, relieves, comforts or assists the felon. (Page 8.)

6. SAME—CONCEALMENT OF CRIME—ALLEGATION OF KNOWLEDGE.—An indictment against an accessory after the fact which alleges that he concealed a felon, having full knowledge that he had committed a felony, is not insufficient in failing to set forth specifically the facts showing that the defendant had knowledge of the alleged felony. (Page 9.)

Appeal from Lincoln Circuit Court, Varner District; *Antonio B. Grace,* Judge; reversed.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellant.

The court below misapprehended the meaning of the word "charge," as used in § 1562, Kirby's Digest. The Legislature evidently meant to use the word in its ordinary sense, and not in its legal signification. 1 Bish. Cr. Law, pp. 408-9-10; Clark, Cr. Law, p. 113; Endlich, Int. Stat., § § 258, 264; Lewis' Sutherland on Stat. Int., § § 389, 390, 392, 394; 129 Cal. 364; 92 *Id.* 590; 64 Ky. (1 Bush) 176; 34 N. Y. Suppl. 228.

*W. B. Sorrells* and *Bridges, Wooldridge & Gantt* for appellees.

The word "charge" has a legal, definite meaning, and the court should so construe. Where a statute has such a meaning at common law, or in the written law, it will be presumed to be used in that sense. Lewis' Suth. Stat. Const., § 398; *Id.* 399; Black, Int. Stat., p. 131; 5 Ark. 539; 46 *Id.* 159, 162; 26 A. & E. Enc. Law. (2 Ed.), p. 598; 24 Ark. 494; 59 *Id.* 244; 38 *Id.* 521; 90 Mass. 478; 20 Fed. Rep. 298, 308; 150 U. S. 68.

Penal statutes are strictly construed, so that no case is held to be reached except such as are clearly within the spirit and letter of the law. 2 Hawkins, P. C. § 16; 38 Ark. 521; 129 Cal. 364.

*Charged* evidently means accused of or charged with crime in a regular course of judicial proceeding. Webster; 129 Cal. 364; 20 Fed. Rep. 298, 308; 150 U. S. 68; 1 A. & E. Enc. L., (2 Ed.) 481; 112 Mich. 251; 19 Kans. 417, 426; 102 Ga. 673; 74 S. W. 184; Black on Stat. Const. p. 132.

McCULLOCH, C. J. The State appeals from a judgment of the circuit court sustaining a demurrer to an indictment against defendant, J. W. Jones, charging him with having been accessory after the fact to the crime of murder committed by one George Battles. The indictment alleges in substance that the said George Battles did kill and murder one Jarrett Johnson, and that the defendant, after said crime of murder had been committed and with full knowledge that said Battles had committed said crime, "did then and there wilfully, unlawfully, knowingly and feloniously harbor, protect, conceal and aid to escape the said George Battles," etc.

The statute of this State defining the crime of accessory after the fact is as follows: "An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime." Kirby's Digest, § 1562.

Another section of the statute (1566) provides that "an accessory before or after the fact may be indicted, arraigned, tried and punished, although the principal offender may not have been arrested and tried, or may have been pardoned or otherwise discharged."

The learned circuit judge sustained the demurrer on the ground that the indictment failed to state an offense because it is not alleged therein that a judicial charge or accusation was pending against the principal, George Battles, at the time the defendant is alleged to have committed the acts which constituted the crime of accessory after the fact. In other words, that under the statute it is not a crime to knowingly harbor and protect a felon unless an indictment or other judicial proceedings be then pending against the principal for his apprehension or punishment.

We do not concur in this interpretation of the statute. Under the statutes of this State, either an officer or private person, with or without a warrant, "may make an arrest when he has reasonable grounds for believing that the person arrested has committed a felony." Kirby's Digest, §§ 2119, 2120. So, where a felony has been committed, the felon stands charged with the crime, and it is the duty of all persons who know or have reason to believe that he is guilty of a felony to arrest him. One who, with a full knowl-

edge that the crime has been committed, harbors and protects the felon, is guilty as accessory and may be punished as such, whether the principal offender be arrested or not. Any other view of the statute would permit a person to go unpunished who has been guilty of the most flagrant act of harboring and protecting a felon before a warrant of arrest could be procured or an indictment could be returned.

It is, of course, a well-settled rule of interpretation that when the Legislature uses words which have received a judicial interpretation, words which have a fixed and well-known legal signification, they are presumed to have been used in that sense, unless the contrary intention clearly appears. This court has said that "it is dangerous to interpret a statute contrary to its express words where it is not obvious that the makers mean something different from what they have said." *Memphis & L. R. Ry. Co.* v. *Adams,* 46 Ark. 159.

But it is equally well-settled that the language of a statute should be fairly and rationally interpreted so as to carry out the manifest intention of its framers. "In general, it may safely be said that when words in a statute are susceptible of two constructions, of which one will lead to an absurdity, the other will not, the latter will be adopted." Endlich on Interpretation of Statutes, 258.

Now, the words "charged with," as applied to the perpetration of crime, cannot be said to have a well-known and established legal signification. Chief Justice Andrews, speaking for the Supreme Court of Connecticut, said: "The expression 'charged with,' as applied to a crime, is sometimes used in a limited sense —intending the accusation of a crime which precedes a formal trial. In a fuller and more accurate sense, the expression includes also the responsibility for the crime." *Drinkall* v. *Spiegel,* 68 Conn. 441.

In the search for the meaning of the lawmakers, it is proper to consider what at common law were the elements of this crime, and whether there was any intention to change by statute its elements. Professor Wharton defined the common-law offense of accessory after the fact as follows: "An accessory after the fact is one who, knowing a felony to have been committed by another, shelters, receives, relieves, comforts or assists the felon."

Wharton on Homicide, § 67. Again, it is said by the same learned author: "Two things are laid down in the books as necessary to constitute a man accessory after the fact to the felony of another. First, the felony must be complete. * * * And, second, the defendant must know that the felon is guilty." Sec. 68, *Id.* The other law writers on the subject give the same definition. 3 Russell on Crimes, p. 145; Clark's Crim. Law, § 49 (2nd Ed.) ; 1 Bishop on Crim. Law (8th Ed), § 692.

Nothing is said by any of these authors about the necessity for a legal charge or accusation against the felon before the crime of being an accessory after the fact can be committed, and we do not think that the Legislature by this statute intended to introduce a new element into this crime which would destroy its effectiveness.

The Supreme Court of California have taken the contrary view in construing a statute identical in its language (*People* v. *Garnett,* 129 Cal. 364) ; but, with due deference to that learned court, we are unable to agree to that interpretation.

Reversed and remanded with directions to overrule the demurrer.

BATTLE, J., dissenting.

McCULLOCH, C. J. In addition to the grounds of attack set forth in the original opinion, the defendant insists that the indictment is fatally defective in that it does not set forth specifically the facts showing that the defendant had knowledge of the alleged felony committed by George Battles, the principal offender. Reliance is placed upon the decision of this court in *State* v. *Graham,* 38 Ark. 519, where it was held that under a statute making it a misdemeanor for a justice of the peace "who, from his own knowledge or from legal information, knows or has reasonable grounds to believe, any person guilty" of carrying a weapon, to fail or refuse to proceed against such person, an indictment against such officer must set forth the manner in which the knowledge or legal information was given. The indictment in that case merely alleged that the offending officer had legal information, without specifically stating the manner in which it was given. The gist of the offense was that the officer had failed to act after receiving legal information, and it was im-

portant to state in that indictment the manner in which this information was given.

Under the statute now under consideration, it is unimportant how the knowledge is received by the alleged accessory; it is sufficient to constitute the offense if he knows, at the time he harbors and protects the felon, that the latter has committed the felony named in the indictment. Therefore, the statement in the indictment that he had full knowledge that the accused person had committed the crime was a statement of a fact, and not a mere conclusion.

Learned counsel for appellant have renewed with much force their argument made on the point decided in the original opinion; but after a careful re-examination of the questions, we are convinced that a correct conclusion was reached in interpreting the statute.

The petition for rehearing is therefore denied.