STEVENS *v.* STATE.

Opinion delivered February 2, 1914.

1.  ACCESSORY AFTER THE FACT—DEFINITION.—An accessory after the fact under Kirby's Digest, § 1562, is defined as a person "who, after full knowledge that a crime has been committed, conceals it from the magistrate, and harbors and protects the person charged with or found guilty of the crime." (Page 302.)

2.  ACCOMPLICE—ACCESSORY AFTER THE FACT.—An accessory after the fact of a crime is an accomplice. (Page 304.)

3.  ACCESSORY AFTER THE FACT—TESTIMONY OF AN ACCOMPLICE.—Appellant was guilty of the commission of the crime of sodomy. One H. witnessed the crime, but remained silent, and when the commission of the crime became known, H. advised appellant to leave the State. *Held*, on the issue of whether H. was an accomplice, the court should have submitted to the jury the questions of whether H. acted purely out of sympathy for appellant, who was a boy of seventeen years, or whether he knowingly harbored and protected him. (Page 304.)

Appeal from Independence Circuit Court; *R. E. Jeffery*, Judge; reversed.

*Oldfield & Cole*, for appellants.

1.  There was substantial evidence sufficient to submit to the jury whether Hulsey was an accomplice, so as to require corroboration. Kirby's Dig., § 2384; 36 Ark. 117-126; 50 Ark. 544; 64 *Id.* 250; 75 *Id.* 540; 105 *Id.* 19; 42 S. W. 301; 62 S. W. 749; 26 *Id.* 829; Kirby's Dig., § 7754.

2.  The officer, a deputy sheriff, was guilty of a misdemeanor. Kirby's Dig., § 7765; 43 Ark. 367-371. His testimony required corroboration. 12 Cyc. 188, note 56.

3.  81 Ark. 173, can be distinguished from this case. The facts are different.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

1.  The offense is sufficiently described as "the crime against nature, committed either with a human being or a beast." 2 McClain on Cr. Law, 316; 4 Bl. Com. B. 15; 105 Mass. 536; Kirby's Dig., § 2049; McClain, Cr. Law, § 1153, note 1.

2. Hulsey was not an accomplice.  36 Ark. 117; 50 *Id.* 534; 51 *Id.* 115; 96 *Id.* 13.

SMITH, J.  Appellant was convicted of the crime of sodomy, alleged to have been committed upon a certain beast, towit, a mare.  Of his guilt there can be no question, if one Thomas Hulsey, a witness for the State, is to be believed.  This witness testified that he caught appellee in the very act of intercourse, and his testimony is such that he is said to be an accomplice, and this appeal questions only the action of the trial court in refusing to submit that question to the jury under proper instructions.  This witness testified that he watched appellant have intercourse with the mare; that he was a deputy sheriff at the time but forgot that fact; that he promised appellant he would not tell what he had seen, and that he did not voluntarily tell it; yet it appears that he told it to some neighbor in confidence, and the report "spread like wild fire," as the witness said; and a grand juror, who resided in that community, caused Hulsey to be summoned before that body, where Hulsey disclosed what he had seen, and an indictment was returned on his evidence.  The mother of the appellant testified that Mr. Hulsey sent her word to have appellant leave the State, and go where he could not be found.  Hulsey did not admit sending this message to Mrs. Stevens, but he admitted that he had suggested to a Mr. Jones that, if appellant's mother sent him away that he probably would not be followed up, and Hulsey also said to Jones that if appellant was gotten out of the country "we would keep a prosecution down."  The jury might have found from the evidence that Hulsey witnessed the commission of the crime, and agreed with appellant to conceal the facts, and would have done so, had not some one betrayed his confidence and given publicity to the matter, and that thereafter, when he knew he had given evidence on which the grand jury had probably returned an indictment, he undertook to communicate that fact to appellant, to the end that he might flee and thereby escape prosecution.  The appel-

lant was about seventeen years old at the time of his trial.

Three instructions on the question of the corroboration of an accomplice were asked, and all were refused, and no instruction on that subject was given. The first and third instructions requested by appellant read as follows:

"1. If the jury believe from the evidence that the witness, T. W. Hulsey, after the commission of the crime charged, and with a full knowledge that the crime had been committed, concealed it from the magistrate, they will find that he is an accomplice, and that a conviction can not be had upon his testimony, unless they further find that his testimony is corroborated by other evidence tending to connect the defendant with the commission of said crime; and the corroboration is not sufficient, if it merely shows that the offense was committed and the circumstances thereof; and, if the jury so find, they must acquit."

"3. If the jury find from the evidence that the witness, T. W. Hulsey, after testifying before the grand jury, and believing that an indictment had been found, and at the time that he was deputy sheriff made communication to the defendant to procure his escape, you will find that he is an accomplice, and that a conviction can not be had upon his testimony, unless you further find that his testimony is corroborated by other evidence tending to connect the defendant with the commission of said crime; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof, and if the jury so find they may acquit."

It will be observed that instruction No. 1 employs substantially the language of section 2384 of Kirby's Digest on the subject of the corroboration of the evidence of an accomplice.

There is a conflict of authority as to whether an accessory after the fact is an accomplice, but the decisions of this court are to the effect that he is. *Polk* v. *State,*

36 Ark. 117; *Hudspeth* v. *State*, 50 Ark. 534; *Edmonson* v. *State*, 51 Ark. 115.

Section 1562 of Kirby's Digest defines an accessory after the fact as follows:

"An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime."

In the various decisions of this court in which it has been necessary to define an accomplice, the definition given by Justice EAKIN, in the case of *Polk* v. *State*, 36 Ark. 126, has been approved. That definition was "One who in any manner participates in the criminality of the act, whether he is considered in strict legal propriety as principal in the first or second degree, or merely as an accessory before or after the fact." That definition has been frequently approved, and was approved in the case of *Hudspeth* v. *State*, 50 Ark. 544, but in applying that definition to the facts in the Hudspeth case Mr. Justice BATTLE said: "It would have been better for the court to have instructed the jury that, if they believed from the evidence that George Watkins was murdered, and that Rebecca Watkins participated, aided, abetted or assisted in the killing, or, not being present, advised or encouraged the killing, or, with full knowledge that he had been killed, concealed it from the officers authorized to issue warrants for the arrest of the guilty person upon proper information, or harbored and protected such person, they should not find the defendant guilty upon her testimony, unless they found it was corroborated by other evidence tending to connect him with the killing; and the corroboration was not sufficient, if it merely showed that George Watkins was killed and the circumstances thereof."

It was said in the case of *Melton* v. *State*, 43 Ark. 371, that "The guilt of an accomplice must be legal guilt, not merely a participation reprehensible in morals." And it has also been decided that "Mere silence in the presence of a crime, or the mere failure to inform the

officers of the law, when one has learned of the commission of a crime, does not make one an accomplice." *Butt v. State,* 81 Ark. 185; *Davis* v. *State,* 96 Ark. 7. It was also stated in the last case cited that "The mere passive failure to disclose the commission of the crime would not make one an accessory under our statute. There must be some affirmative act tending toward the concealment of its commission, or a refusal to give knowledge of the commission of the crime, when same is sought for by the officials of the person having such knowledge. It has been held by this court that the fact that the person knowing of a crime conceals his knowledge of its commission, for his own safety does not raise a presumption that he is an accomplice." Hulsey does not claim that he was influenced by any fear on his own account, and he may only have been prompted by sympathy for the boy; and if the jury should find that his conduct consisted of a mere failure to act, and of merely remaining silent, and that he thereby failed to institute a criminal prosecution, then he was no accomplice, and no corroboration of his testimony would be required as a matter of law. But upon the other hand the jury might have found that his conduct was not mere inactivity, but that he had agreed with the appellant at the time to keep secret the knowledge within his possession, and that this agreement would have been kept had not some one violated his confidence, and when he had finally been compelled to testify, and knew that an indictment would probably be returned, he immediately, and before any process could be served, undertook to advise appellant of the indictment against him, and accompanied this information with the advice to get beyond the reach of the process of the law, and promised if this was done he would assist in smothering up the prosecution.

In the case of *State.* v. *Jones,* 91 Ark. 5, the defendant was charged with being an accessory after the fact. The crime of murder had been committed by one George Battles, and the indictment alleged in substance that the said George Battles did kill and murder one Jarrett Johnson,

and that the defendant after said crime of murder had been committed and with full knowledge that said Battles had committed said crime "did then and there wilfully, unlawfully, knowingly and feloniously harbor, protect, conceal and aid to escape the said George Battles," etc. The point in that case was whether the failure to allege that a judicial chàrge, or accusation, was pending against the principal, George Battles, at the time the defendant was alleged to have committed the acts which constitute the crime of accessory after the fact was fatal. It was held that such allegation was not essential and in disposing of that question it was there said: "We do not concur in this interpretation of the statute. Under the statutes of this State, either an officer or private person, with or without a warrant, 'may make an arrest when he has reasonable grounds for believing that the person arrested has committed a felony.' Kirby's Digest, § § 2119, 2120. So, where a felony has been committed, the felon stands charged with the crime, and it is the duty of all persons, who know or have reason to believe that he is guilty of a felony to arrest him. One who, with a full knowledge that the crime has been committed, harbors and protects the felon, is guilty as accessory and may be punished as such, whether the principal offender be arrested or not. Any other view of the statute would permit a person to go unpunished who has been guilty of the most flagrant act of harboring and protecting a felon before a warrant of arrest could be procured, or an indictment could be returned."

Hulsey's conduct may have been influenced entirely by his sympathy for the appellant on account of his age, but even if this was true, he was not justified in taking affirmative action, the purpose and effect of which would be to prevent the enforcement of the law. Sympathy for the accused is ordinarily the motive which prompts one to do those things, which, under the law, constitutes him an accessory after the fact.

The instructions herein set out should have been given, but as they were designed to present appellant's

theory of the facts, the court should also have given instructions presenting the other view of the case.

For the error indicated the judgment of the court below will be reversed and the case remanded.