BILLY REEDER *v.* STATE OF ARKANSAS

5496                                     455 S. W. 2d 92

Opinion delivered June 1, 1970

*Garner & Parker,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. The sole issue on this appeal by Billy Reeder is whether the trial court could suspend for three years a one year sentence assessed by the jury.

The record shows that the jury found Reeder guilty of operating a gambling house contrary to Ark. Stat.

Ann. § 41-2001 (Repl. 1964) and fixed his punishment at one year with a recommendation that it be suspended. The trial court suspended the one year sentence for a period of three years.

The action of the trial court is authorized by Ark. Stat. Ann. § 43-2331 (Supp. 1969). That statute, being a part of Acts 1965, No. 438, § 1, provides:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, the circuit court in which such judgment is entered, when satisfied that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, in addition to procedure set out in Act 76 of 1923, as amended, and Act 158 of 1945 (Ark. Stats. (1947) 43-2324—43-2326), the court may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If any offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments or information, but in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition or probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five (5) years. . . ."

We upheld the validity of Ark. Stat. Ann. § 43-2306 (Repl. 1964), permitting the trial court to assess punishment under certain circumstances, in *Froman* v. *State,* 232 Ark. 697, 339 S. W. 2d 601 (1960). Appellant

has cited no authority holding the statute here involved invalid, which is similar to that customarily used by the federal courts. See *Driver* v. *United States,* (4 Cir. 1956) 232 F. 2d 418.

Finding no error, the judgment is affirmed.