James ROLAND *v.* STATE of Arkansas

CR 76-57                                      540 S.W. 2d 590

Opinion delivered September 20, 1976

*Bill W. Bristow,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *B. J. McCoy,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. The issue in this case is not what laws, appellant James Roland, may have violated, but whether he was entitled to a directed verdict, upon a charge of an accessory after the fact to the delivery of a controlled substance by one John White. Ark. Stat. Ann. § 41-120 (Repl. 1964), defines an accessory after the fact as follows:

> "An accessory after the fact is a person who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime."

The State did not attempt to prove that John White had committed the offense of selling a controlled substance but to the contrary freely admitted that the controlled substance, of which he was charged with selling to the narcotics officer, tested out to be baking soda. The proof submitted against James Roland was that he knew that White was charged in Independence County with selling a controlled substance and

that he had furnished the plane fare to White and transported White to Memphis, Tennessee, to catch a plane. The State also complained to the jury of the fact that James Roland had made it possible for White to consult with White's lawyer in Batesville without being detected by the authorities. Roland testified that John White told him about the charge in Independence County and that it arose out of a sale of caffein to an under cover narcotics agent. That Roland's knowledge of the sale was correct can be seen from the following quote from the opening statement of the State to the jury:

> "One officer, Dan Sanders, with the State Police Narcotics Division thought that he was going to develop sufficient evidence against John White, made a purchase and warrants were issued and it developed that instead of being guilty of selling a controlled substance, John White was even smarter than everybody thought he was, he even went around bragging about it; that a Narc got close to him but he sold him a hundred dollars worth of baking soda, who could tell, white powder is white powder and a narcotics officer is not going to take out a field test kit and test it in front of him, that wouldn't hardly go over. So the State did buy $50.00 or $100.00 worth of baking soda from John White and charged him with selling whatever it was he said it was, THC or heroin; or cocaine I think it was. Later it turned out, as I say, after we sent it to the laboratory, that he is guilty of obtaining money under false pretenses."

The authorities with respect to the conviction of a person as an accessory after the fact generally hold:

> "To constitute a person as accessory after the fact these essentials must appear; (1) The felony must have been committed. (2) The accused must know that the felony has been committed by the person received, relieved or assisted. (3) The accessory must render assistance to the felon personally. . . *State* v. *Potter,* 221 N.C. 153, 19 SE2d 257 (1942)."

Our own cases hold that before one can be convicted as an accessory to a crime he must have full knowledge that the crime has been committed. See *State* v. *Jones,* 91 Ark. 5, 120

SW 154 (1909), and *Stevens* v. *State*, 111 Ark. 299, 163 SW 778 (1914).

It follows that the trial court erred in not directing a verdict for the appellant Roland.

Reversed and dismissed.

We Agree: HARRIS, C.J., and GEORGE ROSE SMITH, HOLT and ROY, JJ.