Carlton JOHNSON *v.* STATE of Arkansas

CR 97-978                                961 S.W.2d 764

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*James P. Clouette*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Carlton Johnson appeals the sentence he received for keeping a gambling house. He contends that the trial court mistakenly concluded that alternative sentencing, under the Arkansas Criminal Code, was not available for this offense. We agree with Johnson's contention and remand this case for the sole purpose of allowing the trial court to consider alternative sentencing provided under the Criminal Code, Ark. Code Ann. §§ 5-4-301—5-4-311 (Repl. 1993).

Johnson, a first-time offender, pled guilty to keeping a gambling house in violation of Ark. Code Ann. § 5-66-103(a) (Repl. 1993). While the trial court went on record to express a preference to impose probation, it interpreted the law to prohibit alternative sentencing and, reluctantly, sentenced Johnson to the minimum prison term. The court allowed Johnson to remain free on bond pending the outcome of this appeal.

The issue on appeal is whether the sentencing provision of the gambling-house statute is mandatory and exclusive of the alternative-sentencing provisions of the Criminal Code. Johnson contends that the alternative-sentencing provisions, permitting suspended sentence or probation, are applicable to his offense, even though the gambling-house statute has its own penal provision. He argues that, even if the gambling-house sentencing provision may have been mandatory at one time, the subsequent enactment of the Criminal Code provides an alternative-sentencing option for all offenses not explicitly excluded by statute. The State responds that the sentencing language of the gambling-house statute is mandatory and exclusive of the alternative-sentencing provisions. Johnson is correct, therefore we reverse and remand.

The gambling-house statute, § 5-66-103(a) (Repl. 1993)[1] of the Arkansas Code, to which Johnson pled guilty, provides in relevant part as follows:

> Every person who shall keep, conduct, or operate . . . any gambling house or place where gambling is carried on . . . shall be deemed guilty of a felony and on conviction *shall be confined in the Department of Correction for not less than one (1) year nor more than three (3) years.* (Emphasis added.)

As previously mentioned, the trial judge, at the time of sentencing, indicated a willingness to place Johnson on probation, but the judge expressed his belief that the gambling-house offense was an unclassified offense enacted in 1913, and was not covered by the alternative-sentencing provisions of the Criminal Code, which were enacted in 1975. *See* Ark. Code Ann. §§ 5-4-101 — 618 (Repl. 1993): Chapter 4 of the Criminal Code on Disposition of Offenders. Specifically, the State argues that while § 5-4-104(a) of the Code provides that "no defendant convicted of an offense shall be sentenced otherwise than in accordance with [Code provisions]", the Publisher's Notes following § 5-4-104 read, "provisions within acts possessing their own penal provisions will control." In other words, because the gambling-house statute has its own penal language requiring confinement in the Department of Correction for not less than one year, the State submits the alternative-sentencing laws under the Criminal Code do not apply in Johnson's case. The trial court agreed.

The gambling-house statute and its penal provision were previously before this court in the case of *Reeder v. State,* 248 Ark. 902, 455 S.W.2d 92 (1970), when the statute, containing the same language, was located at Ark. Stat. Ann. § 41-2001 (Repl. 1964). Reeder was convicted of operating a gambling house, and even though the statutory offense contained the mandatory "not less than one year" confinement language, the trial court fixed Reeder's punishment at one year, but suspended it for a period of three years. On appeal, Reeder complained about the three-year

---

[1] Sentencing shall be in accordance with the statutes in effect at the time of the commission of the crime. *State v. Galyean,* 315 Ark. 699, 700, 870 S.W.2d 706, 707 (1994). Johnson committed the crime in 1995.

suspension, but this court upheld the validity of the sentencing. In upholding Reeder's suspended sentence, the *Reeder* court relied on and applied the suspension and probation provisions provided in Ark. Stat. Ann. § 43-2331 (Supp. 1969), the probation and parole statute.

The Criminal Code was enacted in 1975 after the *Reeder* decision, and the Code provided new alternative-sentencing procedures. Nonetheless, the sentencing and probation provisions in § 43-2331, later codified as Ark. Code Ann. § 16-93-401 (1987) (the probation and parole statute), were continued separately from the Criminal Code. As a consequence, § 16-93-401 and its suspension and probation provisions were still available, under *Reeder*, to the court when anyone was convicted and sentenced under the gambling-house law.

It was not until Act 586 of 1991 (the repealing statute) that the General Assembly specifically repealed § 16-93-401. The General Assembly did so to clarify Arkansas's law regarding the suspension and probation of sentences. Section 2 of the repealing act incorporated its provisions into the Criminal Code, and Section 5 announced the General Assembly's reasons for repealing § 16-93-401. Section 5 stated that § 16-93-401 was confusing, conflicting, and was also unnecessarily duplicative of Criminal Code provisions. In short, the General Assembly made it clear that after the repealing act's passage, only the Criminal Code and its alternative-sentencing provisions would apply, instead of those suspension and probation provisions in § 16-93-401.

The State cites to the supplemental opinion on denial of rehearing in *Lovell v. State*, 283 Ark. 425, 434-434-C, 681 S.W.2d 395, 396 (1984) for the proposition that, when a statute contains a mandatory sentence, the sentence to imprisonment cannot be reduced or suspended. That decision is inapplicable here. In *Lovell*, we said that "[t]he drafters of the criminal code recognized that there may be statutes *later enacted* which have their own penal provisions, unaffected by the criminal code." *Id.* at 434-B, 681 S.W.2d at 396. (Emphasis added.) In reaching its holding, the *Lovell* court related that the drafters of the 1975 Criminal Code recognized that there would be statutes later enacted which would

have their own penal provisions, unaffected by the Code. In the present case, we are dealing with an earlier 1913 penal provision that this court held, in *Reeder*, was subject to suspension and probation laws that were in effect prior to and after enactment of the Criminal Code.

■ ■  This determination is also consistent with the principle of statutory construction that legislative acts relating to the same subject or having the same purpose must be construed together and in harmony if possible. *Reed v. State*, 330 Ark. 645, 649, 957 S.W.2d 174, 176 (1997). Such statutes are said to be *in pari materia* "when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object." 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 51.03 (5th ed. 1992). In the case before us, we are presented with criminal statutes that were enacted at different times. In construing these statutes, we presume that when the general assembly passed the later act, it was well aware of the prior act. *Reed*, 330 Ark. at 649, 957 S.W.2d at 176.

■  In conclusion, the Criminal Code was originally enacted to eliminate or replace archaic and overlapping statutes, and to develop a uniform method of grading offenses. *Brimer v. State*, 295 Ark. 20, 27-28, 746 S.W.2d 370, 374 (1988) (citing John DiPippa, *Suspending Imposition and Execution of Criminal Sentences: A Study of Judicial and Legislative Confusion*, 10 U. ARK. LITTLE ROCK L.J. 367 (1987-88)). These purposes are evident in the plain language of the Code's general provisions, in which the Code is made applicable to all offenses. *See* Ark. Code Ann. §§ 5-1-103(a), 5-1-103(b); 5-4-104(a). In this case, we conclude that the gambling-house statute and the Criminal Code can be read in harmony when one defines the term of imprisonment and the other permits the court to impose suspension or probation. For the reasons stated above, we reverse and remand this case for resentencing.